518 F.2d 68
 10 Fair Empl.Prac.Cas. 1095,
9 Empl. Prac. Dec. P 10,192
 Robert Lee SMITH, Jr., Plaintiff-Appellant,
v.
SOUTH CENTRAL BELL TELEPHONE COMPANY and Communications
Workers of America, AFL-CIO Local 10808,
Defendants-Appellees.
 
 No. 74-1486.
 United States Court of Appeals,
Sixth Circuit.
 June 11, 1975.
 Avon N. Williams, Jr., Russell B. Ennix, Nashville, Tenn., Jack Greenberg, James M. Nabrit, III, Morris Baller, New York City, for plaintiff-appellant.
 Raymond Whiteaker, Jr., Nashville, Tenn., Patrick M. Scanlon, Sallie Thompson, Atlanta, Ga., Cecil D. Branstetter, Nashville, Tenn., Thomas W. Moore, John Carey, Jr., Birmingham, Ala., for defendants-appellees.
 Before CELEBREZZE, PECK and McCREE, Circuit Judges.
 PECK, Circuit Judge.
 
 
 1
 Plaintiff-appellant charged in his district court class action complaint that defendant-appellee South Central discriminatorily denied his requests for transfer to frameman and for promotions to cable splicer and PBX installer-repairman in violation of 42 U.S.C. §§ 1981, 2000e et seq. (1970). Appellant, who is black, charged defendant-appellee Local 10808 with acquiescing in South Central's purportedly racially discriminatory policies and with failing to properly process his grievances. The district court, after a two-day trial, dismissed appellant's individual and class action claims. Appellant appeals only the dismissal of his individual claim.
 
 
 2
 Appellant contends that the district court should have found racial discrimination in South Central's denial of his transfer and promotion requests. But even with claims of racial discrimination we can overturn a district court's findings of fact only if "clearly erroneous." Heard v. Mueller Co., 464 F.2d 190, 192 (6th Cir. 1972); Baxter v. Savannah Sugar Refining Corp., 495 F.2d 437, 445 (5th Cir.), cert. denied, 419 U.S. 1033, 95 S.Ct. 515, 42 L.Ed.2d 308 (1974); Woods v. North American Rockwell Corp., 480 F.2d 644 (10th Cir. 1973). See Thornton v. East Texas Motor Freight, 497 F.2d 416, 426 (6th Cir. 1974). Substantial evidence in the record supports the district court's findings that appellant's failure to receive the transfer or promotions stemmed from permissible non-racial reasons, to wit, certain applicants were "substantially better qualified" than appellant,[1] and appellant was then performing less than satisfactorily as a storeroom man.[2]
 
 
 3
 That South Central earlier limited blacks to low level positions, such as janitor or storeroom man, did not preclude appellant from being promoted because, by admission in appellant's brief, South Central in June, 1965, "sent a letter to all employees . . . notifying them of the company's future policy of nondiscrimination," and because South Central in November, 1968, hired a black as an installer-repairman, a traditionally "white" position. Yet appellant failed to apply for a transfer or promotion to a position where he would gain more experience in telephone crafts prior to October, 1970. Had he applied shortly after the letter of June, 1965, or even after the hiring of the black installer-repairman of November, 1968, he would have been able to gain the experience to be better able to compete for the promotions to cable splicer and PBX installer-repairman. Unlike the women in Palmer v. General Mills, Inc., 513 F.2d 1040 (6th Cir. 1975), appellant, with such experience, would no longer have been "at a disadvantage when competing for promotion." In any event, by the time he requested his transfer and promotions, his ratings were less than satisfactory.
 
 
 4
 That South Central, shortly after denying appellant his transfer and promotions, promoted appellant to installer-repairman does not imply that South Central earlier had wrongfully denied appellant's requests for transfer and promotions. Appellant's competition for the transfer and earlier promotions probably was more keen, and experience is less necessary to an installer-repairman than to a cable splicer or PBX installer-repairman.
 
 
 5
 Appellant also claims that the district court erred in failing to find that Local 10808 racially discriminated against him. Principally, appellant attacks the local's dropping of his grievance stemming from his failure to obtain a frameman's position and the local's "acquiescence" in South Central's purported discrimination. But the record implies no racial motivation in dropping the grievance. Even appellant admits, in his appellate brief, that the grievance was dropped only "after (he) was awarded the installer-repairman job," a position more highly rated than frameman. Consequently, the grievance was mooted by the union's interpretation of the collective bargaining agreement.
 
 
 6
 Because of our holding that "substantial evidence" supported the district court's finding that appellant was denied his transfer and his promotions for non-racial reasons, there was no racial discrimination in which the local could acquiesce. Even if there were such discrimination and even though unions cannot "passively accept practices which discriminate" against minority members, EEOC v. Detroit Edison Co., 515 F.2d 301, 314 (6th Cir. 1975), we would find no acquiescence on the present record. Instead of containing provisions with disparate racial impacts, see, e. g., Rodriguez v. East Texas Motor Freight, 505 F.2d 40 (5th Cir. 1974), Johnson v. Goodyear Tire & Rubber Co., 491 F.2d 1364, 1381-82 (5th Cir. 1974), the union-South Central contract contained anti-discrimination promises. Moreover, even had the contract contained provisions with disparate racial impacts, it is at least questionable whether those would be attributable to Local 10808 since the staff of the international union, a non-party, negotiates the contract. Compare Thornton v. East Texas Motor Freight, 497 F.2d 416, 425 (6th Cir. 1974), with Rodriquez, supra, at 60-61.
 
 
 7
 Affirmed.
 
 
 
 [1]
 The white man promoted to cable splicer had more than 2,000 hours experience in splicing cables, and the white promoted to PBX installer-repairman had seven years of job-related experience as installer-repairman and had successfully completed, on his own time, a 264-hour classroom course in electronics. The promotees were favored over twelve other employees, apparently all white, in addition to over appellant
 
 
 [2]
 In addition to two performance evaluation forms rating appellant as less than satisfactory in October, 1970, and February, 1971, earlier reports in appellant's personnel file of April 28, 1969, and June 5, 1967, respectively, indicate that "it was getting to the point where someone had to tell him to do the things he knew he was supposed to do" and "(c)onstruction trucks have failed to be serviced by (appellant) on several occasions, even though he has specific instructions to start servicing as soon as they arrive in the afternoon." Noteworthily, the latter report substantially preceded appellant's filing of a complaint with the EEOC alleging racial discrimination