Robert Y. MORITA, Plaintiff-Appellant,

v.

**SOUTHERN CALIFORNIA PERMA-
NENTE MEDICAL GROUP,**
Defendant-Appellee.

No. 74–2550.

United States Court of Appeals,
Ninth Circuit.

Aug. 17, 1976.

**218**

Martha Goldin (argued), Hollywood, Cal., for plaintiff-appellant.

Robert W. Loeffler (argued), Los Angeles, Cal., for defendant-appellee.

## OPINION

Before BARNES, TRASK and SNEED, Circuit Judges.

BARNES, Senior Circuit Judge:

This action was brought by Morita against Southern California Permanente Medical Group [hereinafter referred to as Permanente] under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5. Morita alleged that by denying him promotion, Permanente had discriminated against him because of his race (Oriental). At trial, the district judge, sitting without a jury, granted Permanente's motion for dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure on the grounds that, upon the facts and the law, Morita failed to show a right to relief.

The relevant facts follow. Defendant Permanente is a partnership of physicians providing medical service to the Kaiser Foundation Hospitals and the Kaiser Foundation Health Plan, Inc. One of the services provided by defendants is the taking, processing, and interpreting of X-rays. These X-rays are generally taken by non-physician employees of defendant who are employed as X-ray technicians. X-ray technicians employed by defendant are classified into three categories, only two of which are relevant here. The first of these is the group designated as *staff* X-ray technicians who perform routine X-ray examinations, have experience, and are certified and registered by the American Registry of Radiologic Technicians, or its equivalent. The second group is *senior* X-ray technicians who perform not only routine X-ray examinations, but also either perform specialized X-ray techniques and procedures or function in a lead capacity, as Chief Technician, assisting the supervisor.

During the period from July, 1962, until the present, Morita has at all times been employed as staff X-ray technician at defendant's clinic located at 1505 North Edgemont Street in Los Angeles [hereinafter referred to as the 1505 Clinic]. Across the street from this clinic, defendant has X-ray facilities and X-ray technicians located in the Kaiser Foundation Hospital and at a clinic at 1526 North Edgemont Street. For all practical purposes, the X-ray facilities at the Hospital and at 1526 North Edgemont are considered as one facility [hereinafter referred to as the Hospital]. Generally, the work of staff and senior X-ray technicians in the Hospital is more demanding than work in the 1505 Clinic. Morita has never requested a transfer from the 1505 Clinic to the Hospital.

X-ray procedures known as "special procedures" are done at the Hospital only. These procedures require more expertise and skill than normal X-ray procedures. An error by the technician in performing these procedures can result in serious injury or death to the patient. Generally, only senior X-ray technicians perform these special procedures. Plaintiff is not presently competent to perform special procedures, nor has he requested training to learn them.

On appeal, Morita does not contest the above facts. Rather, he asserts that by failing to promote him from a staff X-ray technician to a senior X-ray technician, the defendant has engaged in unlawful discrimination on the basis of race. Upon examining the record in this case and the applica-

ble law, we disagree. We therefore affirm the judgment of the district court in granting Permanente's motion for dismissal.

We arrive at this conclusion by relying upon the Supreme Court's holding in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). In that case, the Court held:

> "The complainant in a Title VII trial must carry the initial burden under the statute of establishing a prima facie case of racial discrimination. This may be done by showing (i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications."

*Id.* at 802, 93 S.Ct. at 1824; *See Long v. Ford Motor Company*, 496 F.2d 500, 505–06 (6th Cir. 1974). *See also Sime v. Trustees of California State University and Colleges*, 526 F.2d 1112 (9th Cir. 1975).

■ In the instant case, the plaintiff failed to carry his initial burden under 42 U.S.C. § 2000e–5. Although the Supreme Court made it clear in *McDonnell Douglas* that the specification of the prima facie proof required from the complainant may vary according to the factual situation (411 U.S. at 802 n. 13, 93 S.Ct. 1817), one element which remains essential is that the minority applicant be qualified for the position for which he applies. *Wright v. Stone Container Corp.*, 524 F.2d 1058, 1063 (8th Cir. 1975); *Rich v. Martin Marietta Corporation*, 522 F.2d 333, 347–348 (10th Cir. 1975); *Smith v. South Central Bell Telephone Company*, 518 F.2d 68, 69–70 (6th Cir. 1975); *Baxter v. Savannah Sugar Refining Corporation*, 495 F.2d 437, 445 (5th Cir.), *cert. denied*, 419 U.S. 1033, 95 S.Ct. 515, 42 L.Ed.2d 308 (1974). *Cf. Franks v. Bowman Transportation Company*, 424 U.S. 747, 772, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976).

■ An essential requirement for a staff X-ray technician to be promoted to a senior X-ray technician at the Hospital is that the technician be able to perform special procedures. Morita acknowledges that he is not presently capable of performing these procedures. Rather, he contends that Permanente had a statutory duty to train him to do them. Absent a showing that this failure to train constituted either dissimilar treatment from the training which white employees received or treatment equal on its face but unequal in its effects upon racial minorities, plaintiff has no basis upon which to complain. *See Griggs v. Duke Power Co.*, 401 U.S. 424, 431, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971); *Long v. Ford Motor Company, supra*, 496 F.2d at 505; *Blount v. Xerox Corporation*, 405 F.Supp. 849, 853 (N.D.Cal.1975). Upon examining the record, we agree with the trial court that Morita failed to make this showing. Accordingly, because Morita was incapable of performing special procedures, he was not qualified to be promoted to a senior X-ray technician at the Hospital.

■ We note that since Morita has been employed at the 1505 Clinic, there has been only one opening at that clinic for a senior X-ray technician. This position was filled in 1964 by a Mr. Bernie Dommermuth, a white. At the time of this promotion, 42 U.S.C. § 2000e–5 was not effective. Even if it were effective, the record discloses that Dommermuth was better qualified than Morita for the position. In arriving at this conclusion, we agree with an observation made recently by the Eighth Circuit, "The purpose of Title VII is to eliminate discrimination, not to saddle management with unqualified employees." *Wright v. Stone Container Corp., supra*, 524 F.2d at 1063.

■ As an additional argument on appeal, Morita contends that he has made out a prima facie case by showing on the basis of statistics that he had been subjected to racial discrimination. He argues that since 1959, eight persons, with less seniority than he, had been promoted to senior X-ray technicians and that seven of the eight were white. Defendant argues that only six of the eight promoted to senior technician were white. This Circuit has recognized

that disparities in the numbers of minority and other employees may establish the plaintiff's prima facie case. *United States v. Ironworkers Local 86*, 443 F.2d 544, 551 (9th Cir.) *cert. denied*, 404 U.S. 984, 92 S.Ct. 447, 30 L.Ed.2d 367 (1971). Here, plaintiff's statistical proof is unpersuasive. If we were to adopt the defendant's contention that two of the promoted employees were members of racial minorities, there would be no such disparity in the ratio between minority and white employees. But even if we were to accept the plaintiff's assertion that only one promotion was to a minority employee, his argument must still fail. In reaching this conclusion, we need not consider whether a showing of promotions to seven white workers as compared to one minority worker establishes a prima facie case. Rather, our holding is premised on the obvious fact that plaintiff's use of only eight persons in his statistical analysis is much too small to have any significant benefit to his position. Hence, "statistical evidence derived from an extremely small universe, as in the present case, has little predictive value and must be disregarded." *Harper v. Trans World Airlines, Inc.*, 525 F.2d 409, 412 (8th Cir. 1975). *Accord, Robinson v. City of Dallas*, 514 F.2d 1271, 1273 (5th Cir. 1975).

The last argument which Morita raises on appeal is that the district court committed reversible error in rejecting his offer of introducing into evidence the employment record of Raymond Chan. This exhibit was offered for the purpose of impeaching a witness' testimony that there was a job opening for Chan in February, 1966, and to show that Chan had received special treatment because his sister was a doctor-partner with Permanente. Morita argues that the proffered evidence would prove that Chan, also an Oriental, had been promoted because of his sister's position at Permanente, and not because of Permanente's allegedly non-discriminatory promotion policies. Hence, according to Morita, this evidence was relevant and material to show that Permanente's policies were in fact discriminatory and that Chan's promotion was due to factors wholly independent of Permanente's discriminatory promotion policies.

What Morita fails to comprehend is that the issue of Chan's special treatment because of his sister's relationship with Permanente is collateral. If we were to assume that Chan did receive special treatment, such evidence does not infer that Morita was discriminated against because of his race. The most that can be implied from the exhibit is that Chan received special treatment because of his sister's status. Such treatment clearly does not constitute racial discrimination. The trial court has wide discretion in the admission or exclusion of collateral evidence. *See United States v. Manning*, 509 F.2d 1230, 1234 (9th Cir. 1974); *United States v. Barrett*, 505 F.2d 1091, 1107 (7th Cir. 1974), *cert. denied*, 421 U.S. 964, 95 S.Ct. 1951, 44 L.Ed.2d 450 (1975); *United States v. Stone*, 471 F.2d 170, 172 (7th Cir. 1972), *cert. denied*, 411 U.S. 931, 93 S.Ct. 1898, 36 L.Ed.2d 391 (1973). In rejecting Morita's offer to introduce into evidence Chan's employment record, the district court did not abuse this discretion.

Accordingly, having considered the issues raised by Morita and finding no merit in them, the judgment of the district court is affirmed.