Lois E. KNUTSON, Plaintiff-Appellant,

v.

The BOEING COMPANY, Defendant-Appellee.

No. 77–3446.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 1980.

Decided Sept. 8, 1981.

Sidney J. Strong, Halverson, Strong, Moen & Chemnick, Seattle, Wash., for plaintiff-appellant.

John F. Aslin, Seattle, Wash., argued for defendant-appellee; J. David Andrews, Seattle, Wash., on brief.

Before TANG, SCHROEDER and POOLE, Circuit Judges.

POOLE, Circuit Judge:

Lois Knutson, a domestic airline analyst, filed charges of sex discrimination with the Department of Labor under the Equal Pay Act of 1963, 29 U.S.C. § 206, and with the Equal Employment Opportunity Commission under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, on July 22, and August 22, 1973, respectively. She filed suit in the district court in May 1975, alleging various unlawful and discriminatory acts by the Boeing Company (hereinafter "Boeing").

Trial was conducted before a magistrate sitting as a special master. At the conclusion of the six-day trial, the special master found against Knutson on all her claims. The district court adopted the findings and conclusions of the special master and entered judgment dismissing her action with prejudice. Knutson timely appealed and now challenges only the dismissal of her Title VII claim, which charged that she had been denied promotion opportunities to five "unit chief" positions between April 1972 and February 1976. For the reasons stated below, we affirm the judgment of the district court.

I

The facts found in this case were as follows. Knutson has been continuously employed by Boeing for over 26 years. Since August of 1965 she has been assigned to Boeing's sales organization, and since 1967 has held the position of "airlines analyst." In that position, she provides analytical support to persons involved in direct sales efforts to airlines. Although she has received favorable reviews of and commendations for her job performance, Knutson has been passed over five times for promotion to "unit chief," the next position in her career path at Boeing. She contends that this has been the result of discriminatory treatment based upon her gender.

Unit chief positions are filled from within the organization after review and evaluation by the Director of Domestic Airlines Analysis. The qualities sought include leadership, positive and enthusiastic attitude, creativity, initiative, broad technical knowledge, productivity, communication skills, and ability to deal with problems and with people. The application of these criteria to a particular selection is a judgmental process. Many unit chiefs and managers in the sales area are consulted during this process, and the opinion of each serves as a check against and a sounding board for the judgment of the others. Performance as an analyst is relevant to the determination whether to promote, but is not dispositive. It is not uncommon for persons to be selected for promotion in preference to more senior and highly rated analysts.

Knutson was generally considered to be a good analyst. However, her performance reviews indicated some hostility to innovations in analytical technique and a tendency to react negatively to new assignments, with explanations of their difficulty rather than with enthusiasm and ideas about how to perform them. While these characteristics did not prevent her from functioning well as an analyst, her superiors felt that they prevented her from appearing as a leading contender for unit chief positions. The men selected for these positions were known for their enthusiasm and creativity. In addition, Knutson had had only one year of college training, whereas the men who received the promotions to which she aspired had considerably more education, in some cases including advanced degrees in the technical fields involved in the unit chief's job.

II

Knutson's primary contention is that the special master and district court allocated

the burden of proof incorrectly. She maintains that, in a suit based on Title VII, once the employee makes a prima facie showing of discrimination, the burden shifts to the employer to prove legitimate, nondiscriminatory reasons for the employee's treatment. She argues that she did establish a prima facie case of disparate treatment, and that Boeing did not meet the burden of proof which it then assumed.

The recent decision of the United States Supreme Court in *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), renders this position untenable. The Court elaborated upon its earlier holding in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) to indicate that the ultimate burden of persuading the trier of fact that the employer intentionally discriminated against the employee remains at all times with the employee. She has the initial task of proving by a preponderance of the evidence that she was rejected under circumstances that give rise to an inference of unlawful discrimination. If she is successful, the burden that shifts to the employer is one of production only: it must offer evidence that the employee was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason. It need not persuade the court that it was actually motivated by the proffered reasons. If the employer meets this burden, then the employee must demonstrate that those reasons were not the true reasons for the employment decision, which burden at that point merges with the ultimate burden of persuading the court that she was the victim of intentional discrimination. *Burdine, supra*, 101 S.Ct. at 1093–95.

The special master and district court in this case were persuaded that the promotion decisions affecting Knutson were based entirely upon reasons having nothing to do with her gender. The findings of fact summarized above offered ample basis for this conclusion, and our own review of the evidence indicates that those findings were not clearly erroneous. Simply put, Knutson did not satisfy her ultimate burden of persuasion. Her claim of disparate treatment was therefore properly rejected.

Knutson offered statistical evidence to support a contention that Boeing's subjective selection and rating procedures operated to exclude women from supervisory positions. These statistics showed that in 1973, 209 males and 7 females were in management positions; that in 1974, 326 males and 7 females were in management positions; and that in 1975, 335 males and 5 females were in management positions. For these three years, the percentage of females Boeing employed in management positions in the sales department were 3.2, 2.1 and 1.5 percent respectively. From 1971 to 1976, there were 18 to 20 openings within the sales organizations with a Bracket 5 classification. It appears that the Bracket 5 classification included unit chiefs in the domestic analysis division and other job classifications involving similar supervisory responsibility in other areas of the Boeing sales organization. No females were promoted to any of these openings.

The special master found this statistical evidence of disparate impact unpersuasive, presumably because of the small number of women available in the sales organization from which the promotions were made and the small number of openings in the Bracket 5 classification. We agree with the master. The number of females in the available labor pool and the number of openings to Bracket 5 positions are so small as to have little, if any, probative value. *See Morita v. Southern California Permanente Medical Group*, 541 F.2d 217, 219 (9th Cir. 1976), *cert. denied*, 429 U.S. 1050, 97 S.Ct. 761, 50 L.Ed.2d 765 (1977). The selection of even one female for the 19 to 20 openings would result in a percentage of females promoted that was greater than that of females in the available pool of potential applicants within the sales organization. Knutson's statistics fail to show a disproportionate impact on females in Boeing's selection procedures.

The showing that Boeing used subjective selection criteria will not alone make out a

prima case of disparate impact. As Knutson introduced no other evidence to show a disproportionate impact on females generally, she failed to make out a prima facie case under this theory.

The judgment of the district court is AFFIRMED.