17 F.3d 395
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Shelley Jean PUMPHREY, Plaintiff-Appellant,
v.
CITY OF COEUR D'ALENE, a municipal corporation; City of
Coeur D'Alene Police Department, Defendants-Appellees.
 No. 92-36748.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 31, 1994.
Decided Feb. 24, 1994.
 
 Before: GOODWIN, SCHROEDER, and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Shelley Pumphrey appeals the district court's grant of summary judgment in favor of the City of Coeur d'Alene on her Title VII and Sec. 1983 claims. She raises both disparate treatment and disparate impact theories, arguing that she was discriminated against on the basis of her gender in connection with her termination as a police officer.
 
 
 3
 The district court correctly ordered summary judgment on Pumphrey's claims of disparate treatment. Although Pumphrey asserts that her training was inadequate, the record reflects that the field training and firearm training offered her did not materially differ from that available to male officers. Her hostile environment claim must also fail in the absence of any showing on her part that the environment affected her, as opposed to one of her co-workers, adversely. Meritor Savings Bank v. Vinson, 477 U.S. 57, 67-68 (1986) (to be actionable, harassment must alter the conditions of the victim's employment).
 
 
 4
 Pumphrey's strongest claim is her allegation that the City of Coeur d'Alene's selection of the Smith & Wesson .669 as its standard duty weapon has a disparate impact upon women because it has a large grip, making it more difficult for people with smaller hands to handle. Under decisions of this circuit, a prima facie disparate impact case is established when a plaintiff shows "that a facially neutral employment practice has a 'significantly discriminatory' impact upon a protected class." Sengupta v. Morrison Knudsen Co., 804 F.2d 1072, 1076 (9th Cir.1986) (quoting Connecticut v. Teal, 457 U.S. 440, 446 (1982)). It cannot be disputed on the record before us that the appellant was terminated because she was unable to qualify with the newly prescribed weapon, although she had qualified as a reserve officer without difficulty with a .357 revolver. In addition, appellant produced expert witness testimony to support her disparate impact claim. As the district court correctly noted, plaintiff's expert witness stated in essence that "in his opinion, this pistol has a discriminating impact upon women because of their small hands."
 
 
 5
 The requirement that all officers use the large gripped .669 is a facially neutral practice. Both plaintiff's expert's testimony and common sense, however, indicate that this facially neutral practice would have a significantly discriminatory impact upon women, whose hands on average are smaller than men's. The district court nevertheless granted summary judgment in favor of the city on the ground that the plaintiff, in addition to this showing, had to provide a meaningful statistical demonstration of adverse impact. Because only three women were employed as regular patrol officers by the City of Coeur d'Alene during the relevant time period, no such showing could be made by this plaintiff.
 
 
 6
 The cases upon which the district court and the city relied, however, are all cases in which a plaintiff endeavored to establish disparate impact solely on the basis of statistics. None of them involve discrimination based upon a physical characteristic identifiable to the protected class. See Sengupta, 804 F.2d at 1076; Contreras v. City of Los Angeles, 656 F.2d 1267 (9th Cir.1981), cert. denied, 455 U.S. 1021 (1982); Morita v. Southern Cal. Permanente Medical Group, 541 F.2d 217 (1976), cert. denied, 429 U.S. 1050 (1977). The plaintiffs' failure to come forward with meaningful statistical evidence was therefore necessarily fatal in those cases.
 
 
 7
 Statistics are, however, only one factor that may assist a plaintiff in establishing a discriminatory impact case. Robinson v. Adams, 847 F.2d 1315, 1318 (9th Cir.1988) (proof of disparate impact is "usually accomplished by statistical evidence") (emphasis added), cert. denied, 490 U.S. 1105 (1989); Lowe v. City of Monrovia, 775 F.2d 998, 1004 (9th Cir.1985) (summary judgment appropriate where plaintiff had not produced "affidavits or documentary evidence" to support her disparate impact claim), amended, 784 F.2d 1407 (9th Cir.1986). Therefore, a plaintiff is not precluded from making a prima facie case on the basis of other evidence. Plaintiff in this case has done so by showing she was terminated because she failed to meet a facially neutral requirement that could be expected to have a disparate impact on women because of an identifiable physical difference.
 
 
 8
 After a disparate impact plaintiff establishes a prima facie case, the burden shifts to the defendant to produce evidence that the challenged practice is "consistent with business necessity." See 42 U.S.C. Sec. 2000e-2(k); Wards Cove Packing v. Antonio, 490 U.S. 642, 658-661 (1989). Because the defendant has as yet made no effort to justify the adoption of the .669 in this case, we must remand.
 
 
 9
 AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3