William **MOORE**, Plaintiff–Appellant,

v.

**SUN OIL COMPANY OF PENNSYLVANIA**, Defendant–Appellee.

No. 79–3158.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 13, 1980.

Decided Dec. 22, 1980.

James D. Shelby, Cleveland, Ohio, for plaintiff–appellant.

Ronald J. James, Squire, Sanders & Dempsey, Gregory B. Scott, Cleveland, Ohio, for defendant–appellee.

Before WEICK, LIVELY and BROWN, Circuit Judges.

BAILEY BROWN, Circuit Judge.

This appeal primarily raises the question whether and to what extent a party to an action under 42 U.S.C. § 1981 [1] is entitled to a jury trial.

Appellant, William Moore, a Black, brought this action against his former employer, Sun Oil Co. of Pennsylvania (Sun Oil), alleging racial discrimination. He alleged that, because of such discrimination, he did not receive a promotion to which he was entitled, received an assignment of duties which undercut his chance to be promoted, was not allowed to return to work with light duties after he was injured on the job, and was not, when he did return, assigned to work that would not aggravate his physical condition. Moore further alleged that, because of such discrimination, the timing of his retirement and the benefits he would receive were affected. Lastly, Moore alleged that Sun Oil acted wilfully and maliciously.

With respect to relief, Moore's amended complaint claimed, in addition to attorney's fees and costs, as follows:

A) Grant him back pay from defendant, which back pay should include any and all fringe benefits which plaintiff would have received but for defendant's actions in discriminatorily denying plaintiff a promotion and discriminatorily requiring him to retire early;

B) Grant compensatory damages in the amount of Twenty Thousand Dollars ($20,000.00).

C) Grant punitive damages in the amount of Fifty Thousand Dollars ($50,000.00).

Moore demanded a jury as to "issues so triable in this action."

Sun Oil moved to strike the jury demand, and after both parties had briefed the issue, the district court struck the jury demand.

The district court then conducted a bench trial and concluded that Moore had not made out a case of racial discrimination and dismissed the case. On appeal, in addition to contending that he was entitled to a jury

1. **§ 1981. Equal rights under the law**
   All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. R.S. § 1977.

trial on at least some of the issues, Moore also contends that the district court erred in dismissing his case on the merits.

In striking the demand for a jury trial, the district court concluded that "a demand for back pay and similar equitable relief will not support a demand for a jury trial in an action brought pursuant to ... 42 U.S.C. § 1981 ... because such relief is equitable in character." The district court further concluded that: "The thrust of plaintiff's claim in this case is for back pay and restitution of fringe benefits. In addition, plaintiff claims a right to compensatory and punitive damages. However, a plaintiff may not unilaterally alter the genre of the proceeding by making unsupported allegations for compensatory and punitive damages so as to mandate a jury trial." Sun Oil contends that the district court was correct in striking the jury demand for the reasons that it did so and when it did so.[2]

We conclude that legal, as distinguished from equitable, relief may be obtained in an action under 42 U.S.C. § 1981 and that, to the extent a plaintiff is seeking legal relief, the parties are entitled to a jury trial. In *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), the Court said at 459–460, 95 S.Ct. at 1720:

Title 42 USC § 1981, being the present codification of § 16 of the century–old Civil rights Act of 1870, 16 Stat. 144, on the other hand, on its face relates primarily to racial discrimination in the making and enforcement of contracts. Although this Court has not specifically so held, it is well settled among the Federal Courts of Appeals—and we now join them—that § 1981 affords a federal remedy against discrimination in private employment on the basis of race. An individual who establishes a cause of action under § 1981 is entitled to both equitable and legal relief, including compensatory and, under

certain circumstances, punitive damages. See, *e. g., Caperci v. Huntoon*, 397 F.2d 799 (CA1), cert. denied, 393 U.S. 940, [89 S.Ct. 299, 21 L.Ed.2d 276] (1968); *Mansell v. Saunders*, 372 F.2d 573 (CA5 1967). And a backpay award under § 1981 is not restricted to the two years specified for backpay recovery under Title VII (footnote omitted).

Moreover, in *Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974), the Court held that the Seventh Amendment guarantees a jury trial where a plaintiff is seeking legal relief, either compensatory or punitive damages, even though the right to such relief is created by a federal statute. The Court said at 194, 94 S.Ct. at 1008:

Whatever doubt may have existed should now be dispelled. The Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law.

In the instant case, Moore is seeking "back pay" although he is not seeking the equitable relief of reinstatement by means of an injunction. However, "back pay," under the law of this circuit, is equitable relief, and therefore the parties are not entitled to a jury trial with respect to such issue even though reinstatement is not sought. In *Hildebrand v. Bd. of Trustees of Mich. State Univ.*, 607 F.2d 705 (6th Cir. 1979), which was an action brought pursuant to 42 U.S.C. § 1983 and § 1985, this court stated at 708:

The above–cited authorities mandate that the chief focus to be made when determining whether a jury trial right exists is the nature of the relief sought. If the remedy sought is injunctive relief *and/or* back pay, no jury trial right attaches. In the ordinary case, if the relief

---

**2.** Sun Oil also contends that the district court's ruling striking the jury demand must be sustained as the "law of this case" since Moore filed a petition for writ of mandamus in this court to obtain an order requiring the district court to grant a jury trial, which was denied.

It is clear, however, from the order entered in this court denying the petition and from the cases cited therein that this court did not thereby rule that Moore was not entitled to a jury trial.

sought includes compensatory and/or punitive damages, then there does exist a right to trial by jury. (emphasis added) (footnote omitted).

We have concluded that, though Moore was not entitled to a jury as to his "back pay" claim, he was entitled to a jury insofar as he was asserting a legal remedy for compensatory and punitive damages. However, as stated, the district court struck the jury demand with respect thereto on the ground that such claims were "unsupported allegations." The next question is, then, did the district court properly make such determination at that stage of this litigation with the record that was before it.

In *Hildebrand, supra,* it was held (at 710) that a district court may properly deny a jury trial where the claims for legal relief are determined to be frivolous but that, in order to do so, the record must be such that the court could appropriately grant summary judgment as to such issues under Rule 56, Fed.R.Civ.P. In the instant case, the district court, at the time it struck the jury demand, did not have a record that could have been a proper basis for granting summary judgment. Accordingly, it was error to strike the jury demand.

We have determined that Moore was entitled to a jury insofar as he was seeking legal relief (compensatory and punitive damages) and that the district court erred in striking the jury demand with the record as it was at that time. We have also determined that a party seeking equitable relief of back pay is not entitled to a jury. Since Moore's claim for legal relief and equitable relief are both based on alleged racial discrimination and since Moore was entitled to a jury trial with respect to his legal claims, he was entitled to have a jury determine liability (i. e. whether he had been a victim of racial discrimination). 9 Wright & Miller, *Fed.Prac. & Proc.* § 2306. If the jury so determined that here was liability, it would be for the court to determine whether Moore was entitled to back pay.

Since the district court erred in striking the jury demand at a time when summary judgment could not have been granted as to

Moore's claim for compensatory and punitive damages, the judgment below must be reversed.

The judgment of the district court is reversed and the case is remanded for further proceedings consistent with this opinion.