**William H. BIBBS, Appellant,**

v.

**JIM LYNCH CADILLAC, INC., Appellee.**

**No. 80–1478.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 9, 1981.

Decided July 1, 1981.

David A. Bloch, Clayton, Mo., for appellant.

Thomas M. Hanna, Thomas G. Bearden, McMahon, Berger, Breckenridge, Hanna, Linihan & Cody, St. Louis, Mo., for appellee.

Before ROSS, HENLEY and McMILLIAN, Circuit Judges.

HENLEY, Circuit Judge.

William H. Bibbs, who is black, was employed as a car salesman by Jim Lynch Cadillac, Inc. from March, 1976 until his discharge on January 12, 1978. Bibbs promptly filed a complaint with the EEOC, which found no reasonable cause to believe the discharge was the result of racial discrimination. The EEOC issued a right to sue letter, and Bibbs then filed suit in federal district court, alleging violations of 42 U.S.C. §§ 1981, 2000e–2.

In his complaint in the district court, Bibbs requested a jury trial on the § 1981 claim, and the court *sua sponte* struck this request. Lynch Cadillac, unaware of the court's action, moved to strike the request for the jury trial on the theory that there is no jury trial right in civil rights cases; the merits of Bibbs' claims were not part of Lynch Cadillac's argument in support of its motion. The court then granted this motion.

Thereafter, pursuant to a stipulation of the parties, the case was tried by a magistrate, sitting as a special master. He found that Bibbs failed to establish a prima facie case of racial discrimination because, although Bibbs' evidence indicated that he

was the first black hired in a sales force of roughly ten, he failed to offer evidence of the racial composition of salespersons in the community, and his evidence of racial slurs was not credible. The magistrate further found that Jim Lynch Cadillac had a valid, nondiscriminatory reason for firing Bibbs—his failure to follow the sales techniques which the dealership wanted its salesmen to use. Accordingly, the magistrate recommended that judgment be entered in favor of Jim Lynch Cadillac, and the district court adopted this recommendation. On appeal Bibbs does not challenge the magistrate's findings of fact and conclusions of law; he contends only that the district court erred in refusing to grant his jury trial motion on the § 1981 claim.[1] Accordingly, he does not pursue the Title VII claim on appeal.

The seventh amendment applies to "actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." *Curtis v. Loether*, 415 U.S. 189, 194, 94 S.Ct. 1005, 1008, 39 L.Ed.2d 260 (1974). "An individual who establishes a cause of action under § 1981 is entitled to both equitable and legal relief, including compensatory and, under certain circumstances, punitive damages." *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 460, 95 S.Ct. 1716, 1720, 44 L.Ed.2d 295 (1975). Ordinarily, in a case in which both legal and equitable claims are presented both parties retain the right to a jury trial on the legal claims. *Curtis v. Loether*, 415 U.S. at 196 n.11, 94 S.Ct. at 1009 n.11. Accordingly, we agree with the various courts which have recognized the appropriateness of submitting all legal contentions encompassed within a § 1981 cause of action to a jury. *Setser v. Novack Investment Co.*, 638 F.2d 1137, 1140 (8th Cir. 1981), *rehearing en banc granted on other grounds* (April 10, 1981); *Moore v. Sun Oil Co.*, 636

F.2d 154, 157 (6th Cir. 1980); *Seymore v. Reader's Digest Ass'n*, 493 F.Supp. 257, 267 (S.D.N.Y.1980); *Saad v. Burns International Security Services, Inc.*, 456 F.Supp. 33, 37 (D.D.C.1978); *Tucker v. Harley Davidson Motor Co.*, 454 F.Supp. 738, 744 (D.Wis. 1978); *McCray v. Standard Oil Co.*, 76 F.R.D. 490, 501 (N.D.Ill.1977); *Miller v. Doctor's General Hospital*, 76 F.R.D. 136, 141–42 (D.Okl.1977); *Marshall v. Electric Hose & Rubber Co.*, 413 F.Supp. 663, 666–68 (D.Del.1976).

We next consider the question of whether there is a jury trial right in a case in which both Title VII and § 1981 claims are presented. We have held that there is no right to a jury trial in Title VII cases where both back pay and reinstatement are sought because such relief is equitable in nature. *Harmon v. May Broadcasting Co.*, 583 F.2d 410, 410–11 (8th Cir. 1978), and cases cited therein.[2]

The appellee asserts that the instant case is essentially one for the equitable remedies of reinstatement and back pay, and that Bibbs should not get a jury trial merely because of his claims of entitlement to other relief under § 1981. In support of its position, appellee cites *Lynch v. Pan American World Airways, Inc.*, 475 F.2d 764 (5th Cir. 1973). In that case the Fifth Circuit stated:

A claim for reinstatement is equitable in nature. The imposition of monetary damages to make the employee whole for lost back pay does not change the character of the proceeding and thereby mandate a jury trial. Neither may the Plaintiff—by framing his prayer under § 1981 or by making unsupported allegations for compensatory and punitive damages—unilaterally alter the genre of the proceeding.

*Id.* at 765 (citations omitted).

The authority of this case is somewhat undermined by *Johnson v. Railway Express*

---

1. We are satisfied that the stipulation of trial by a magistrate was not a waiver of the jury trial claim. Counsel for appellant stated that at the time of the stipulation, the choice was only magistrate or judge, not magistrate, judge, or jury. Further, appellee's counsel conceded that there was no jury trial waiver.

2. *But see Setser v. Novack Investment Co.*, 638 F.2d at 1142, characterizing back pay in § 1981 suits as compensatory legal damages.

*Agency, Inc.*, wherein the Supreme Court concluded "that the remedies available under Title VII and under § 1981, although related, and although directed to most of the same ends, are separate, distinct, and independent." 421 U.S. at 461, 95 S.Ct. at 1721. Thus, a § 1981 racial discrimination case is something more than a Title VII case.

■ As stated earlier, when both equitable and legal claims are presented, the usual rule is that the jury trial right remains on the legal claims and we see no reason to depart from that rule here. We conclude that both parties in a suit under Title VII and § 1981 have a right to a jury trial on the legal claims stated under § 1981.

Appellee vigorously contends that appellant failed to list back pay under his § 1981 claims, and that appellant failed to present any evidence of damages other than lost wages and commissions. Appellant explicitly requested back pay under the Title VII count of his complaint. However, under § 1981 he did not specifically ask for back pay, and his counsel conceded at oral argument that the back pay claim was limited to Title VII.

■ Appellee did not move for summary judgment or a directed verdict on the § 1981 claim, and neither party has provided this court with a transcript of the hearing before the magistrate. On the record, this court is simply unable to determine whether any of Bibbs' evidence supported his claims for damages other than for lost compensation. In the circumstances, we cannot say whether the denial of the jury trial was harmless error, and, accordingly, we remand the case for a determination of this issue. Should the district court find that Bibbs produced evidence sufficient to go to a jury in support of his claims for actual and punitive damages, then Bibbs should be given a jury trial; if not, then the case should be dismissed.

Reversed in part and remanded for further proceedings consistent with this opinion.

UNITED STATES of America, Appellee,

v.

Robert BUTTON, Appellant.

No. 80–1498.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1980.

Decided July 6, 1981.

tion in affidavit was insufficient to qualify secondary informant as credible or reliable and thus affidavit failed under veracity prong of *Aguilar* to establish probable cause for issuance of search warrant. Comprehensive Drug Abuse Prevention and Control Act of 1970, § 401(a)(1), 21 U.S.C.A. § 841(a)(1); U.S.C.A.Const. Amend. 4.

Earl P. Gray, St. Paul, Minn. (argued), Mark W. Peterson, Minneapolis, Minn., for appellant.

Thomas K. Berg, U. S. Atty., Daniel W. Schermer (argued), Asst. U. S. Atty., District of Minnesota, Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, HEANEY, Circuit Judge, and PORTER, District Judge.[*]

DONALD J. PORTER, District Judge.

Defendant was charged in a one-count indictment with possession with intent to distribute phencyclidine (commonly known as "PCP" or "angel dust") in violation of 21 U.S.C. § 841(a)(1). The indictment was based upon items seized in a search of a single-family dwelling in Bloomington, Minnesota, under a search warrant issued by the state district court. The warrant was authorized by a state district judge, based upon the affidavit of a Minneapolis police officer. Before trial, defendant moved to suppress the evidence seized on the ground that the warrant was issued without probable cause. After a hearing before a United States magistrate, the magistrate filed a report and recommendation upholding the validity of the warrant and denying the motion to suppress the items seized. Thereafter, the United States District Court overruled defendant's exceptions to the

magistrate's report, and adopted the report and recommendation of the magistrate holding the warrant valid. The court denied the motion to suppress certain items later received in evidence at trial. After jury trial, defendant was convicted of the offense charged, and now brings this appeal. For the reasons stated in this opinion, we hold that the affidavit is insufficient to show probable cause and thus the warrant should not have been issued and all evidence seized under the warrant should have been suppressed.

## I. HEARSAY AS PROBABLE CAUSE

■ We are properly committed to accept some, but not all, hearsay to establish probable cause. *Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). The issue in this case is whether the unsworn declarations of the non-appearing, unnamed declarants, contained in the affidavit for a search warrant, meet Fourth Amendment[1] probable cause standards.

Basic to search warrant protections is the requirement of probable cause. Its function is to guarantee a substantial probability that the invasions involved in the search will be justified by discovery of offending items. Two conclusions necessary to the issuance of the warrant must be supported by substantial evidence: that the items sought are in fact seizable by virtue of being connected with criminal activity, and that the items will be found in the place to be searched.[2] The search warrant here was issued upon the information contained in the affidavit of a police officer. Most of the officer's affidavit was hearsay information since it came to him secondhand from two unnamed informants. Whether the information in the affidavit was sufficient to meet the

* The Honorable DONALD J. PORTER, United States District Judge for the District of South Dakota, sitting by designation.

