Clara M. HARRIS, Plaintiff-Appellee,

v.

RICHARDS MANUFACTURING COM-
PANY, INC., Defendant-Appellant.

No. 81-5273.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 29, 1982.

Decided April 15, 1982.

Sandra Lee Sawyer, Memphis, Tenn., Linda E. Rosenzweig, David A. Copus, Clifford J. Zatz, Seyfarth, Shaw, Fairweather & Geraldson, Washington, D. C., for defendant-appellant.

Barbara B. Dickey, Ratner & Sugarmon, Memphis, Tenn., for plaintiff-appellee.

Before EDWARDS, Chief Judge, MARTIN, Circuit Judge, and REED,* District Judge.

REED, District Judge.

Richards Manufacturing Company appeals a District Court judgment in favor of Clara Harris for violation of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e–3(a), and Section 1 of the Civil Rights Act of 1866, 42 U.S.C. Section 1981, 511 F.Supp. 1193.

Richards, located in Memphis, Tennessee, is a manufacturer of medical supplies. Harris, a black woman, worked for Richards in various capacities from 1968 until her discharge on February 15, 1977. Her last position was that of "Final Inspector" in the otological products division. In 1976, and again in early 1977, Harris filed complaints with the Equal Employment Opportunity Commission (EEOC), alleging that Richards engaged in racially discriminatory employment practices. Two days after Harris lodged her. second EEOC complaint, Richards informed her of its intention to transfer her to an inspection position in another department. Harris asserted her seniority rights and refused to accept the transfer. She was given overnight to reconsider, but again refused the following morning. Thereupon she was discharged, purportedly on the ground of "insubordination."

In November, 1977, Harris commenced this action in the United States District Court for the Western District of Tennessee, alleging racial discrimination by Richards in its hiring, promotion, compensation and termination of its employees. The Court narrowed Harris' allegations to the single issue of whether Harris was discharged in retaliation for her protests against Richards' discriminatory employment practices. In her complaint and amended complaint, Harris sought back pay, reinstatement, restored employment benefits, costs, including a reasonable attorneys' fee, and "such other and further relief as may be deemed necessary and proper." Not until the conclusion of the trial, when she submitted proposed Findings of Fact and Conclusions of Law, did she specifically ask for compensatory and punitive damages under 42 U.S.C. Section 1981.

After a bench trial, the District Judge issued findings of fact and conclusions of law which held: 1) that Harris had established a prima facie case of retaliatory discharge; 2) that Richards had rebutted this presumption by asserting a legitimate, nondiscriminatory reason for the discharge; and 3) that Harris proved by a preponderance of the evidence that Richards' explanation for her termination was pretextual. *Texas Depart. of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). In accordance with these findings, the court granted Harris Title VII relief in the form of reinstatement, back pay benefits, as well as attorney's fee and costs. It also awarded $10,000 in compensatory damages and $25,000 in punitive damages.

On appeal, Richards' arguments focus on two principal issues: first, whether the trial court's findings of fact are supported by

* Honorable Scott Reed, United States District Judge for the Eastern District of Kentucky, sitting by designation.

substantial evidence; and second, whether a court may properly award compensatory and punitive damages in a joint Title VII and Section 1981 action. As a corollary to the second issue, Richards asserts that even if compensatory and punitive damages may, as a general rule, be awarded in a joint Title VII and Section 1981 case, Harris' failure to plead special damages at the outset deprived Richards of its right to demand a jury trial.

The district court's determination that Harris had established a prima facie case of retaliatory discharge, that Richards had rebutted the presumption by asserting a legitimate non-discriminatory reason for the discharge, and that Harris proved by a preponderance of the evidence that Richards' explanation for her termination was pretextual is supported by substantial evidence and is not clearly erroneous. *Smith v. South Central Bell Telephone Co.*, 518 F.2d 68 (6th Cir. 1975). Although there is conflicting testimony in the record, the District Judge had the benefit of hearing the witnesses and observing their demeanor. We note that the District Judge made very complete and detailed findings of fact. They cannot be disturbed by this Court. Fed.R.Civ.P. 52(a).

Although Richards emphasized the substantial evidence issue on appeal, this Court finds the damages issue more troublesome. In *Equal Employment Opportunity Comm'n v. Detroit Edison Co.*, 515 F.2d 301 (6th Cir. 1975), *vacated and remanded on other grounds*, 431 U.S. 951, 97 S.Ct. 2668, 53 L.Ed.2d 267 (1976), this Court held "that a private plaintiff who sues under both Title VII and Section 1981 relief does not enlarge his right to relief beyond that authorized by Title VII." *Id.* at 309. Section 1981, it was

noted, contains no provision for relief by way of damages or otherwise. When it is joined with a statutory right of action such as Title VII, which specifies broad equitable remedies, we concluded there is no justification for enlarging the Title VII remedies to include legal relief on the basis of Section 1981.

Shortly after this Court issued *Detroit Edison Co., supra*, the United States Supreme Court rendered its opinion in *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). The Supreme Court held therein that the timely filing of an employment discrimination charge with the EEOC pursuant to Title VII does not toll the running of the limitation period applicable to a Section 1981 action based on the same facts. In so holding, the Supreme Court discussed the characteristics of a Title VII action vis-à-vis the characteristics of a Section 1981 action.

Addressing the element of damages, the Court remarked that in Title VII actions, a court may award back pay for no more than the two-year period prior to the filing of the charge with the EEOC and order "such affirmative action as may be appropriate." 42 U.S.C. Section 2000e–5(g).[1] The Court acknowledged that some district courts have ruled that neither compensatory nor punitive damages may be awarded in a Title VII suit. But the Court emphatically declared that an individual is not deprived of other remedies he possesses and is not limited to Title VII relief.

"[T]he legislative history of Title VII manifests a congressional intent to allow an individual to pursue independently his

---

1. The full range of relief that a district court may award in Title VII actions is set forth in 42 U.S.C. Section 2000e–5(g). It states in relevant part:

(g) If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropri-

ate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay (payable by the employer, employment agency, or labor organization, as the case may be, responsible for the unlawful employment practice), or any other equitable relief as the court deems appropriate. Back pay liability shall not accrue from a date more than two years prior to the filing of a charge with the Commission. . . .

rights under both Title VII and other applicable state and federal statutes." *Alexander v. Gardner-Denver Co.,* 415 U.S. [36] at 48 [94 S.Ct. 1011 at 1019, 39 L.Ed.2d 260]. In particular, Congress noted "that the remedies available to the individual under Title VII are co-extensive with the indiv[i]dual's right to sue under the provisions of the Civil Rights Act of 1866, 42 U.S.C. Section 1981, and that the two procedures augment each other and are not mutually exclusive." H.R.Rep.No.92–238, p. 19 (1971). See also S.Rep.No.92–415, p. 24 (1971). Later, in considering the Equal Employment Opportunity Act of 1972, the Senate rejected an amendment that would have deprived a claimant of any right to sue under Section 1981. 118 Cong.Rec. 3371–3373 (1972).

*Id.* 421 U.S. at 459, 95 S.Ct. at 1719.

In examining Section 1981 actions, the Supreme Court joined the Federal Courts of Appeal in their holding that Section 1981 affords a federal remedy against discrimination in private employment on the basis of race. "An individual who establishes a cause of action under Section 1981 is entitled to both equitable and legal relief, including compensatory and, under certain circumstances, punitive damages." *Id.* at 460, 95 S.Ct. 1720. The Court generally concluded that Title VII remedies and Section 1981 remedies, although related and directed to most of the same results, are separate, distinct, and independent.

■ In light of the pronouncement in *Johnson, supra,* this Court feels constrained to reconsider that aspect of the *Detroit Edison* case which holds that a private plaintiff who sues under both Title VII and Section 1981 cannot obtain relief beyond that authorized by Title VII. Accordingly, we overrule that portion of *Detroit Edison Co., supra,* and hold that a private plaintiff who sues under both Title VII and Section 1981 may obtain the equitable relief provided by Title VII and such equitable relief as well as legal relief by way of compensatory

and punitive damages afforded by Section 1981.

In both her complaint and amended complaint, Harris sought only equitable relief. She specifically sought a declaratory judgment that Richards violated her rights guaranteed by Title VII and Section 1981, injunctive relief, reinstatement, back pay, costs and "such other and further relief as may be deemed necessary and proper." In what was captioned a "Joint Pre-trial Order," it is stated: "Plaintiff is seeking reinstatement, back pay, restored employment benefits and her out-of-pocket litigation expenses including reasonable attorney fees." Finally, in the opening statement to the trial court, counsel for Harris asserted:

If the plaintiff wins in her action in this matter, she seeks to have her job reinstated, to have her full employment benefits restored and back benefits to which she would have been entitled, and she seeks her full costs of litigation, including reasonable attorney's fees.

Not until her post-trial brief in the form of proposed findings of fact and conclusions of law did Harris seek compensatory and punitive damages. Richards contends that this belated demand for damages deprived it of its right to request a jury trial on that claim.

■ "[T]he Seventh Amendment guarantees a jury trial where a plaintiff is seeking legal relief, either compensatory or punitive damages, even though the right to such relief is created by a federal statute." *Moore v. Sun Oil Co.,* 636 F.2d 154 (6th Cir. 1980), citing *Curtis v. Loether,* 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974). To the extent that a plaintiff is seeking legal relief under Section 1981, the parties are entitled to a jury trial. *Moore, supra.* In an action brought under Title VII and Section 1981, both parties have a right to a jury trial on the legal claims stated under Section 1981. *Bibbs v. Jim Lynch Cadillac, Inc.,* 653 F.2d 316 (8th Cir. 1981); *Cf. Amburgey v. Cassady,* 507 F.2d 728 (6th Cir. 1974). (Plaintiff, alleging a violation of 42 U.S.C. Section 1983 and seeking both equitable and legal

relief, was entitled to a jury trial on the legal issues.) [2]

■ This action originated as one seeking only equitable relief and remained in that posture throughout the pleading stage and the trial. Richards was in no position to assess the situation and demand a jury trial. Had Harris, at some point in the proceedings, amended her pleadings to include a prayer for legal relief, Richards could have then demanded a jury trial. *See Bereslavsky v. Kloeb*, 162 F.2d 862 (6th Cir.), *cert. denied*, 332 U.S. 816, 68 S.Ct. 156, 92 L.Ed. 393 (1947); *Bereslavsky v. Caffey*, 161 F.2d 499 (2d Cir.), *cert. denied*, 332 U.S. 770, 68 S.Ct. 82, 92 L.Ed. 355 (1947). But Harris failed to take such action until the end of trial and thereby deprived Richards of its right to demand a jury trial.

In *United States v. Pelzer Realty Co., Inc.*, 377 F.Supp. 121 (M.D.Ala.1974), *aff'd* 537 F.2d 841 (5th Cir. 1976), a case analogous to the one *sub judice*, the cause, brought under 42 U.S.C. Section 3604, was considered on remand from the United States Court of Appeals for the Fifth Circuit. At that point, for the first time, the Government sought an award of damages. That court stated:

> While damages, even nominal damages, are proper relief for a violation of the Act, in the opinion of this Court, an award of damages, where none were prayed for or specifically proved and when the pleadings gave the Defendants no hint that damages were to be litigated so that the Defendants might litigate the issue or consider demanding a jury, would be a strange twist of the law in order to accommodate the Plaintiff.

377 F.Supp. at 123.

Harris' argument that the catchall phrase "and such other and further relief as may be deemed necessary and proper" is somehow magical and all encompassing and constitutes a prayer for legal relief in the form of damages is unpersuasive. First of all, the phrase is limited, if the principle of *ejusdem generis* is applied, to relief of the same kind as that specifically enumerated, i.e. equitable relief. *Detroit Edison Co., supra* at 309. Secondly the joint pretrial order and the opening statement of Harris' counsel were limited to specifically enumerated equitable relief and accompanied by no allegedly saving catchall phrase. Furthermore, both occurred after the pleading stage. We therefore hold that the District Judge erred in awarding compensatory and punitive damages where they were never sought, thereby depriving Richards of its right to consider the situation and to determine whether to demand a jury trial.

Accordingly, the judgment of the District Court is affirmed in part and reversed in part and remanded for proceedings not inconsistent with this opinion.

---

**2.** Back pay is recoverable under either Title VII or Section 1981. Under the law of this circuit, back pay is equitable relief and the parties are, therefore, not entitled to a jury trial on that issue. *Moore v. Sun Oil Co.*, 636 F.2d 154, 156 (6th Cir. 1980).