**Judy DANIELS, Plaintiff,**

v.

**LORD & TAYLOR, Defendant.**

**No. 82 C 366.**

United States District Court,
N. D. Illinois, E. D.

June 29, 1982.

---

Gregory A. Adamski, Winston & Strawn, Chicago, Ill., for plaintiff.

Gregory I. Rasin, Michael S. Cecere, Jackson, Lewis, Schnitzler & Krupman, New York City, Randall Mitchell, Adams, Fox, Marcus & Adelstein, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Judy Daniels ("Daniels") brings this action charging that because of her race (she is a black woman) Lord & Taylor unlawfully (1) refused to consider her for advancement, (2) disciplined her and (3) ultimately fired her. Lord & Taylor has moved to strike Daniels' jury demand. For the reasons stated in this memorandum opinion and order that motion is granted in part and denied in part.

Daniels initially brought this action under Title VII of the Civil Rights Act of 1964 ("Title VII," 42 U.S.C. §§ 2000e to 2000e–17). After Lord & Taylor moved to strike her jury demand Daniels moved to file a second Amended Complaint (the "Complaint"), based on the same facts but adding a cause of action under 42 U.S.C. § 1981

("Section 1981"). Lord & Taylor has persisted in its motion.

Lord & Taylor's motion to strike is well founded as to Daniels' Title VII claim. There is clearly no right to a jury trial for such actions. *Grayson v. Wickes Corp.*, 607 F.2d 1194 (7th Cir. 1979); see *Lehman v. Nakshian*, 453 U.S. 156, 167, 101 S.Ct. 2698, 2705, 69 L.Ed.2d 548 (1981) (reasoning from the stated absence of jury trials in Title VII cases to a like conclusion as to the Age Discrimination in Employment Act).

Whether Daniels is entitled to a jury trial on her Section 1981 claim poses a somewhat more difficult group of problems. Two Courts of Appeal that have addressed the issue recently held plaintiffs entitled to a jury trial for Section 1981 claims involving employment discrimination. *Setser v. Novack Investment Co.*, 638 F.2d 1137, 1139–42 (8th Cir. 1981); *Moore v. Sun Oil Co.*, 636 F.2d 154, 157 (6th Cir. 1980). *Moore*, however, held the jury would determine liability alone, while the backpay claim was essentially an equitable remedy to be calculated by the court. *Setser* viewed the backpay claim too as one for the jury under the circumstances there. See, *Setser*, denial of cert., 454 U.S. 1064, 102 S.Ct. 615, 70 L.Ed.2d 601 (1981) (opinion of Stevens, J.).

But this Court need not address itself at this time to the issue on which *Moore* and *Setser* diverged. Under Fed.R.Civ.P. ("Rule") 38(c) a party can properly demand a jury trial for all issues so "triable of right." This Court's determination as to the nature of Daniels' claim and remedy— precisely what issues are subject to the demand as a matter of right—await the further development of this action.

Lord & Taylor finally points out (1) Daniels did not allege a Section 1981 action until she filed the Complaint and (2) it was filed after this motion to strike. Lord & Taylor argues Daniels should not be permitted to receive a jury trial on an essentially equitable Title VII claim simply by citing Section 1981. In a somewhat similar situation (where a plaintiff pleaded *only* a Sec-

**70**

tion 1981 claim), *Lynch v. Pan American World Airways, Inc.*, 475 F.2d 764, 765 (5th Cir. 1973) held (citations omitted):

> A claim for reinstatement is equitable in nature. The imposition of monetary damages to make the employee whole for lost backpay does not change the character of the proceeding and thereby mandate a jury trial.... Neither may the Plaintiff—by framing his prayer under § 1981 or by making unsupported allegations for compensatory and punitive damages—unilaterally alter the genre of the proceeding.

But the continued vitality of *Lynch* is questionable. At least two recent decisions have rejected *Lynch* and permitted jury trials for Section 1981 claims when combined with a Title VII claim based on the same allegations. *Bibbs v. Jim Lynch Cadillac, Inc.*, 653 F.2d 316, 318–19 (8th Cir. 1981); *Thomas v. Resort Health Facility*, 539 F.Supp. 630 (1982).

■ This Court finds the approach taken by *Bibbs* and *Thomas* persuasive. Daniels should be entitled to a jury trial on any legal—as opposed to equitable—aspects of her Section 1981 claim.[1] Determination of which aspects are "legal" and which "equitable" in nature poses in part the same question addressed in *Moore* and *Setser*. Only an uninformed (or at best partly-informed) decision on all facets of the problem can be made at the pleading stage of a lawsuit. It will be time enough to consider the possible narrowing of the jury-triable issues when more information about this action is obtained through discovery. With time, both the law in this area and the full scope of Daniels' Section 1981 claim will become more focused.

### Conclusion

Lord & Taylor's motion to strike Daniels' jury demand is granted as to her Title VII

claim and denied in all other respects. At an appropriate later point in the litigation this Court will resolve what issues are "triable of right by a jury" under Rule 38(b).

---

1. Thus in *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 460, 95 S.Ct. 1716, 1720, 44 L.Ed.2d 295 (1975), the Supreme Court declared whoever "establishes a cause of action under § 1981 is entitled to both legal and equitable relief, including compensatory and, under certain circumstances, punitive damages." It went on to stress (*id.* at 461, 95 S.Ct. at 1720) the "separate, distinct and independent" remedies under Title VII and Section 1981. *Bibbs* (653 F.2d at 318–19) characterized *Johnson* as undermining the earlier *Lynch* decision.