825 F.2d 411
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James A. MITTELSTADT, Plaintiff-Appellant,
v.
SUMMIT COUNTY LEGAL AID SOCIETY; Legal Services Corporation,
Defendants-Appellees.
 No. 86-3177
 United States Court of Appeals, Sixth Circuit.
 Aug. 7, 1987.
 
 Before GUY and BOGGS, Circuit Judges, and WOODS, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff appeals the trial court's denial of a jury trial for claims brought under 42 U.S.C. Sec. 1981 as well as the court's subsequent dismissal of his Sec. 1981 claim as being untimely. In light of the Supreme Court's recent decision in St. Francis College v. Al-Khazraji, 55 U.S.L.W. 4626 (May 18, 1987), as well as this court's decision in Demery v. City of Youngstown, No. 86-3261 (6th Cir. June ___, 1987) (on rehearing), we agree with plaintiff that his Sec. 1981 claim should not have been dismissed. However, because the trial court correctly ruled that plaintiff was not entitled to a jury trial on his Sec. 1981 claim, and in light of the court's finding that plaintiff was not illegally discriminated against when he was discharged, we are able to affirm the judgment of the court below.
 
 
 2
 Plaintiff, a white male, was hired in May, 1980, by the Summit County Legal Aid Society as the Director of Administration. Plaintiff's supervisor, Everett Porter, the executive director of the Society and a black male, was a close friend of plaintiff's. Following the filing of formal complaints that Porter was discriminating against staff members on the basis of sex, the Office of Equal Opportunity of the Legal Services Corporation conducted an investigation. The investigation team found the charges of sex discrimination to be fully warranted. In April, 1981, Porter was terminated from his position as executive director based on charges of sex discrimination and incompetence.
 
 
 3
 The Society's Board of Trustees discovered in July, 1981, that Porter had been receiving unemployment compensation benefits since his termination. None of the Board members were notified that Porter had even applied for benefits. One of the trustees conducted an investigation of the matter and discovered that plaintiff had told the Ohio Bureau of Employment Services that Porter was terminated, not for cause, but 'for differences in management style.' The trustee also discovered that plaintiff failed to advise the Board, as was required, that an application for unemployment benefits had been filed or that benefits had been awarded. As a result, plaintiff was terminated on August 21, 1981.
 
 
 4
 Plaintiff brought suit in September, 1983, under Title VII and 42 U.S.C. Secs. 1981, 1983, and 1985 alleging that he was fired in retaliation for his support of Porter, who plaintiff alleged was a victim of racial discrimination. Plaintiff characterized his discharge as resulting from plaintiff's protest of racial discrimination. Although plaintiff sought a jury trial, the trial court struck the jury demand from the complaint, holding that there was no merit in plaintiff's request for punitive damages and therefore, under Hildebrand v. Board of Trustees of Michigan State Univ., 607 F.2d 705 (6th Cir. 1979) (if demand for damages is so insubstantial that it cannot meet the standard contained in summary judgment rule, then it should not be allowed to convert equitable issues into legal ones so as to entitle a party to a jury trial), plaintiff was not entitled to a jury trial. Subsequently, defendant moved to dismiss plaintiff's claims under 42 U.S.C. Secs. 1981, 1983, and 1985 based on the Ohio one-year statute of limitations and this court's holding in Mulligan v. Hazard, 777 F.2d 340 (6th Cir. 1985), cert. denied, 106 S. Ct. 2902 (1986) (Ohio's one-year statute of limitations for libel, slander, assault, battery, malicious prosecution, false imprisonment, and malpractice, Ohio Rev. Code Sec. 2305.11, was the most appropriate personal injury statute of limitations for Sec. 1983 actions and should be applied retroactively). The court granted defendant's motion, and only plaintiff's Title VII claim went to trial. After a two-day bench trial, the Honorable Alice Batchelder found that plaintiff did not have a 'good-faith reasonable belief' that he was protesting racial discrimination at the Society by his support of Porter and that he had wholly failed to rebut defendant's legitimate, non-discriminatory reason given for discharging him.
 
 
 5
 Plaintiff has appealed only the dismissal of his Sec. 1981 claim and denial of a jury trial thereon. Plaintiff argues that the personal injury statute of limitations announced by the United States Supreme Court in Wilson v. Garcia, 471 U.S. 261 (1985), should not be applied to cases brought under Sec. 1981. Plaintiff also submits that if the same personal injury statute of limitations is to be applied in Sec. 1981 cases, then it should not be applied retroactively.
 
 
 6
 In Demery v. City of Youngstown, No. 86-3261 (6th Cir. May 12, 1987), we held that Sec. 1981 claims are properly characterized as personal injury actions, and that the statute of limitations to be applied in Sec. 1981 actions is the same statute of limitations that applies to Sec. 1983 actions. Accordingly, the statute of limitations in Ohio for Sec. 1983 actions, the one-year period of Ohio Rev. Code Sec. 2305.11, applies equally to Sec. 1981 actions. Moreover, consistent with our holding in Mulligan v. Hazard, we gave this ruling retroactive effect.
 
 
 7
 On May 18, 1987, the Supreme Court issued its decision in St. Francis College, where the Court affirmed the Third Circuit's refusal to apply retroactively its decision in Goodman v. Lukens Steel Co., 777 F.2d 113 (3d Cir. 1985), cert. granted, 107 S. Ct. 568 (1986).[1] The Third Circuit in Goodman, like this court in Demery, determined that the same personal injury statute of limitations applied to both Sec. 1981 and Sec. 1983 actions. In affirming the Third Circuit's retroactivity determination, the Supreme Court noted that the circuit had previously applied Pennsylvania's six-year statute of limitations in Sec. 1981 actions, that the decision in Goodman overruled its prior holding by applying a shorter statute of limitations, and that the plaintiff was entitled to rely upon the prior decision applying the longer limitations period. Under these circumstances, the Court concluded that the Third Circuit properly refused to apply Goodman retroactively.
 
 
 8
 Accordingly, on petition for rehearing in Demery, we held that where that decision would mandate the application of a shorter limitations period than had previously been applied in Sec. 1981 actions, Demery should not be applied retroactively. Because we have previously held that Ohio's six-year statute of limitations, Ohio Rev. Code Sec. 2305.07, applied in Sec. 1981 employment discrimination actions, Mason v. Owens-Illinois, Inc., 517 F.2d 520 (6th Cir. 1975), plaintiff was entitled to rely upon that holding in bringing the instant action. Consequently, the ruling in Demery does not act to bar plaintiff's Sec. 1981 action.
 
 
 9
 In light of this holding, we must now determine whether this matter must be remanded for trial on the Sec. 1981 claim. In this regard, whether plaintiff was entitled to a jury trial is the critical inquiry. Because the trial court specifically found that plaintiff was not the victim of race discrimination, there would be no purpose in remanding this matter for a new trial on the Sec. 1981 count if plaintiff is not entitled to a jury trial. At the same time, if plaintiff were entitled to a jury trial on the Sec. 1981 claim, then the trial court's ruling of no discrimination could not serve to deprive him of that right. Moore v. Sun Oil Co. of Pennsylvania, 636 F.2d 154, 157 (6th Cir. 1980).
 
 
 10
 It is well settled that a Title VII claimant is not entitled to trial by jury. However, a Title VII claimant may be able to assert related claims which could, under certain circumstances, entitle the claimant to a jury trial. Whether this is so depends upon the type of relief sought. If the remedy sought is injunctive relief and/or back pay, no jury trial right attaches. In the ordinary case, if the relief sought includes compensatory and/or punitive damages, then there does exist a right to trial by jury. Hildebrand, 607 F.2d at 708.
 
 
 11
 Nevertheless, unsupported allegations for compensatory or punitive damages under 42 U.S.C. Sec. 1981 do not 'unilaterally alter the genre' of an essentially equitable employment discrimination proceeding. Lynch v. Pan American World Airways, Inc., 475 F.2d 764, 765 (5th Cir. 1973). A plaintiff already has considerable power to determine whether there will be a jury trial since he can decide whether to add actual or punitive damages counts to his complaint. But this right does not extend to a case where the actual or punitive damages counts are frivolous or clearly not meritorious. Hildebrand, 607 F.2d at 709.
 
 
 12
 The substance of the damage claims are tested under the same standards as those applicable to a motion for summary judgment under Fed. R. Civ. P. 56. Under this standard, the district court is free to examine all of the record and not just the pleadings. If a demand for damages is so insubstantial that it cannot meet the standard contained in Rule 56, then it should not be allowed to convert equitable issues into legal ones. 607 F.2d at 710.
 
 
 13
 In accordance with this procedure, defendants moved below to strike the plaintiff's jury demand. Defendants pointed out that plaintiff's demand for compensatory and punitive damages was wholly conclusory. Moreover, relying on plaintiff's deposition, defendants noted that plaintiff's claim for compensatory damages related entirely to back pay, and that plaintiff failed to indicate any basis for his claim for punitive damages. In response, plaintiff simply asserted that he was entitled to a presumption that the allegations of the complaint were true. The trial court granted defendants' motion to strike the jury demand.
 
 
 14
 Under these circumstances, we cannot say that it was error for the court to strike plaintiff's jury demand. In relation to plaintiff's claim for compensatory damages, since by plaintiff's own admission this consisted only of back pay, that relief is equitable in nature. Moore, 636 F.2d at 156. As to plaintiff's request for punitive damages, when challenged by his deposition testimony which set forth no cognizable basis for such damages, plaintiff was not entitled to rely upon the bald allegations of his complaint. Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986). Consequently, the trial court correctly determined that plaintiff was not entitled to a jury trial on his Sec. 1981 claim.
 
 
 15
 Where, as here, a plaintiff predicates liability under Title VII on disparate treatment and also claims liability under Sec. 1981, the legal elements of the claims coincide. A plaintiff asserting either claim must prove intentional discrimination. Stallworth v. Shuler, 777 F.2d 1431, 1433 (11th Cir. 1975). The trial court held that plaintiff did not prove intentional discrimination; in fact, the court found that plaintiff wholly failed to rebut the legitimate and nondiscriminatory reason asserted by defendants for his termination (App. 87). Because plaintiff is not entitled to a jury trial on his Sec. 1981 claim, this finding by the trial judge, which has not been challenged, precludes the necessity of trial to the court on plaintiff's Sec. 1981 claim. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable George E. Woods, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 On June 19, 1987, the Supreme Court affirmed the Third Circuit's opinion in Goodman v. Lukens Steel, No. 85-1626/2070 (June 19, 1987)