**William THOMAS, Plaintiff,**

v.

**DAYTON POWER & LIGHT CO., et al., Defendants.**

**No. C–3–87–494.**

United States District Court, S.D. Ohio, W.D.

May 19, 1988.

Leslie S. Landen, Thomas G. Eagle, Franklin, Ohio, for plaintiff.

David M. Duwel, Dayton, Ohio, Thomas J. Manley, Randall D. Avram, Raleigh, N.C., for defendant Dayton Power & Light Co.

Daniel N. Kosanovich, Dayton, Ohio, for defendant Union.

DECISION AND ENTRY SUSTAINING MOTION OF DEFENDANT, UTILITY WORKERS OF AMERICA LOCAL 175, SEEKING ORDER OF THE COURT STRIKING PLAINTIFF'S JURY DEMAND (DOC. #10); PLAINTIFF'S JURY DEMAND AS TO CLAIM AGAINST DEFENDANT UNION STRICKEN; JURY TRIAL WILL BE HAD AS TO CLAIM OF PLAINTIFF AGAINST DEFENDANT COMPANY

RICE, District Judge.

The Motion of the Defendant, Utility Workers of America, Local 175, seeking an Order of the Court striking the Plaintiff's jury demand as to any and all claims against it (Doc. #10), is deemed by this Court to be well taken and same is, therefore, sustained in its entirety. Plaintiff's jury demand with reference to claims against the Defendant Union is stricken. Trial on the merits of the captioned cause will proceed, with a duly empaneled jury as the fact finder against any and all claims against the Defendant Dayton Power & Light Company and with the Court sitting as the trier of fact as to any and all claims against the Defendant Union.

In ruling as aforesaid, the Court makes the following, non-exclusive, observations:

1. The seventh amendment to the United States Constitution guarantees the right to jury trial in all actions at common law where the value in controversy exceeds twenty dollars. The United States Supreme Court has long held that suits at common law under the seventh amendment refer to:

> Suits in which legal rights were to be ascertained and determined, in contra distinction to those where equitable rights alone were recognized, and equitable remedies were administered ... in a just sense, the amendment then may be construed to embrace all suits which are not of equity ... whatever may be the particular form which they may assume to settle legal right.

*Parsons v. Bedford,* 28 U.S. (3 Pet.) 443, 447, 7 L.Ed. 732 (1830). In other words, the seventh amendment guarantees trial by

jury on *legal* issues that are raised in a particular action. *Ross v. Bernhard*, 396 U.S. 531, 538, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970).

██ 2. In order to determine whether a particular issue is legal or equitable in nature, the Supreme Court has approved an analysis which considers the following factors:

   a. the pre-merger [prior to the merger of law and equity in this country] custom with reference to such questions;

   b. the remedy sought; and

   c. the practical abilities and limitations of juries in dealing with a particular type of litigation.

*Ross v. Bernhard, supra,* at 538 n. 10, 90 S.Ct. at 738 n. 10.

██ 3. The Sixth Circuit has ruled that the primary consideration to be focused upon when determining whether a right to jury trial exists in a given situation is that of the nature of the relief sought. *Hildebrand v. Board of Trustees of Michigan State University,* 607 F.2d 705, 708 (6th Cir.1979).[1]

██ 4. Under the law of the Sixth Circuit, back pay in the form of lost wages constitutes equitable, as opposed to legal relief. *Hildebrand, supra,* at 708; *Moore v. Sun Oil Company of Pennsylvania,* 636 F.2d 154, 156 (6th Cir.1980); *Harris v. Richards Manufacturing Company, Inc.,* 675 F.2d 811, 815 n. 2 (6th Cir.1982); *Wood v. International Brotherhood of Teamsters,* 807 F.2d 493, 504 (6th Cir.1986) (concurring opinion, Contie, J.).

██ 5. Of course, in the ordinary case, if the relief sought includes compensatory and/or punitive damages, then there does indeed exist a right to trial by jury. *Hildebrand supra,* at 708.

██ 6. In the captioned cause, the Plaintiff seeks the sum of $75,000 against the Defendant Union "for compensatory damages, plus interest and costs of this action, plus any and all other relief to which the Plaintiff may be entitled." The only claim specifically set forth against the Union, alleging breach of the duty of fair representation, is contained in the Plaintiff's sixth claim for relief. Reading the Plaintiff's sixth claim for relief, within the context of the Complaint as a whole, leads this Court to the inescapable conclusion that the Plaintiff's sole claim against the Defendant Union, regardless of how it is styled, with the exception of interest and costs of this action, is limited to the restoration of his claimed loss of over $40,000 in pension benefits. If, within the confines of prevailing Sixth Circuit jurisprudence, back pay constitutes equitable relief, then most certainly the restoration of lost pension benefits would likewise constitute equitable relief.

7. Accordingly, having considered the nature of the relief sought as the chief focus to be made when determining whether a jury trial right exists in a given case, and having concluded that the relief sought—the remedy sought—is equitable in nature, this Court concludes that under the second prong of the *Ross v. Bernhard* test, *supra,* there exists, within the context of this case, no right to trial by jury on the Plaintiff's claim against the Defendant Union for alleged breach of its duty of fair representation.

8. This Court has determined the issue of the Plaintiff's right to a trial by jury on his claim against the Union with specific emphasis to the relief sought in this litigation. This Court renders no opinion on whether there might well be circumstances existing within the context of other litiga-

---

**1.** Following the Sixth Circuit direction, as set forth in *Ross v. Bernhard,* this Court will dispense with the first and third criteria for determining when a right to jury trial exists, in fairly cursory fashion, to wit: 1) while a breach of a duty of fair representation claim against a labor union is a creature of statute, unknown to the common law, this Court believes that the better analysis is to liken such an action to one similar to a common law contract or tort proceeding; and 2) this Court has no question as to the ability of a jury to follow the issues raised in either this or the overwhelming majority of claims against a labor union alleging a breach of the duty of fair representation, believing that the issues are no more complex than those to which courts and attorneys regularly consign to the informed wisdom of such a body of our citizenry.

tion, depending upon the relief sought in those other cases, which would allow the Plaintiff to have a jury determine his or her claim against a Defendant labor union.[2]

WHEREFORE, based upon the aforesaid, the Motion of the Defendant Utility Workers of America Local 175, seeking an Order of the Court striking Plaintiff's jury demand (Doc. # 10), is sustained.

**2.** Subsequent to the Court's dictation of the above, the Eleventh Circuit Court of Appeals decided *Leach v. Pan American World Airways,* 842 F.2d 285 (11th Cir.1988) which, while concluding that employees had no right to a jury trial in a suit against a union for breach of the duty of fair representation, concluded that a hybrid 301 action has no close analogy in ordinary state law and thus could not be analogized to or compared with a standard breach of contract or tort proceeding, and that none of the remedies sought by plaintiffs, being equitable in nature, constitutionally merit a jury trial. The *Leach* court opined that "[t]he need for uniformity and predictability in federal labor policy, when combined with the ill fit of any state law analogy for an action for breach of the duty of fair representation, leads us to eschew any analogy other than one to an unfair labor practice charge." Such an analogy, coupled with the fact that breach of the duty of fair representation actions have always embodied certain traditional notions associated with equity jurisprudence and jurisdiction, led the Court to the inescapable conclusion that such an action involves rights and remedies of a sort traditionally enforced in equity.

While the *Leach* decision is not binding upon this Court, same is certainly persuasive authority, at least insofar as its holding is concerned, although as has been seen, the Court differs to a slight degree in the reasoning leading to said conclusion.